UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DESMOND RICHARD** | **DOCKET NO. 6:23-cv-1697   SEC P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **JAIL OF ST. MARY PARISH** | **MAGISTRATE JUDGE WHITEHURST** |

**MEMORANDUM ORDER**

Before the court is the amended civil rights complaint [rec. doc. 4], filed pursuant to 42 U.S.C. § 1983, by plaintiff Desmond Richard, who is proceeding *pro se* and *in forma pauperis* in this matter. Richard is a pre-trial detainee at the St. Mary Parish Jail in Centerville, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

I.   **Background**

Plaintiff complains of various conditions of confinement, including cold showers, small portions of food on trays, black mold, denied access to court, denied access to law library and inmate counsel. He names as a defendant the Jail of St. Mary Parish.

II.   **Law & Analysis**

A.   *Frivolity Review*

Richard has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

## B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## C. Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

Richard must amend his complaint to state:

(1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;

 (2) a description of what actually occurred or what **each defendant** did to violate plaintiff's rights;

 (3) the place and date(s) that each event occurred; and

 (4) a description of the alleged injury sustained as a result of the alleged violation.

## D. Improper Parties

### 1. St. Mary Parish Jail

The sole named defendant, the St. Mary Parish Jail, is not an entity able to be sued. Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether these entities have the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. The St. Mary Parish Jail is not a juridical person and therefore, plaintiff's claims against it must be dismissed as frivolous.

### 2. Warden

To the extent that Richard intends to state a claim against Nick Rogers, the Warden of the St. Mary Parish Law Enforcement Center (Jail), he should amend his complaint in accordance with the following directives. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex*., 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div*., 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause

of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897 (1983). In other words, to the extent that plaintiff seeks to name the Warden, a supervisory official, as a defendant, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by the Warden.

### III. Conclusion

Richard must amend his complaint to address the deficiencies described above and to dismiss the claims/parties that cannot be cured through amendment.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Richard at his last address on file.

**IT IS ORDERED** that Richard amend his complaint within **thirty (30) days** of the filing of this order to cure the deficiencies as outlined above. Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962). Richard is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in chambers this 30th day of April, 2024.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**